MICHAEL V. MADDEN, ESQUIRE, ID NO. 022592002
MADDEN & MADDEN, P.A.
A Professional Corporation
108 Kings Highway East - Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033
(856) 428-9520
Attorneys for Defendants, Borough of Oaklyn, Oaklyn Police Department, Lt. Craig Stauts and Chief Marquis Moore

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRETT MUELLER<br><br>Plaintiff(s)<br><br>vs.<br><br>BOROUGH OF OAKLYN, OAKLYN POLICE DEPARTMENT, LT. CRAIG STAUTS, CHIEF MARQUIS MOORE<br><br>Defendant(s) | CIVIL ACTION NO.<br>1:19-cv-16694-JHR/JS<br><br><br><br>STIPULATION FOR FILING OF AMENDED ANSWER |

All Parties, by and through their undersigned counsel of record, do hereby agree and stipulate as follows pursuant to Fed.R.Civ.P. 15:

**WHEREAS**, Defendants intend to file an Amended Answer to Plaintiff's Complaint to add additional affirmative defenses in response to Plaintiff's allegations; and

**WHEREAS**, the time to amend was previously extended by the Court's Standing Order 2020-04; and

**WHEREAS**, Plaintiff agrees and stipulates to this Amendment, while reserving all rights of motion practice, due solely to the recognition of FRCP 15 liberality.

It is hereby stipulated by all Parties that Defendants' Amended Answer, attached hereto as Exhibit "A", shall be deemed filed as of approval of this Stipulation by this Court.

| | |
|---|---|
| **DRAKE SPECIALE, LLC** | **MADDEN & MADDEN, P.A.** |
| /s/ **Robert C. Drake, Esquire** | /s/ **Michael V. Madden, Esquire** |
| **Co-Counsel for Plaintiff** | **Counsel for Defendants** |

1

Case 1:19-cv-16694-JHR-JS Document 25 Filed 05/15/20 Page 2 of 12 PageID: 99
Case 1:19-cv-16094-JHR-JS Document 24-1 Filed 05/14/20 Page 2 of 12 PageID: 87

2

**STARK & STARK**

**/s/ Brian E. Kasper, Esquire**
**Co-Counsel for Plaintiff**

This Stipulation is approved as an **ORDER** of the Court on this   15th   day of May, 2020.

                                                     Hon. Joel Schneider, U.S.M.J.

Appendix "A"

Case 1:19-cv-16694-JHR-JS   Document 24-1   Filed 05/14/20   Page 4 of 12 PageID: 89

MICHAEL V. MADDEN, ESQUIRE, ID NO. 022592002
MADDEN & MADDEN, P.A.
A Professional Corporation
108 Kings Highway East - Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033
(856) 428-9520
Attorneys for Defendants, Borough of Oaklyn, Oaklyn Police Department, Lt. Craig Stauts and Chief Marquis Moore

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRETT MUELLER<br><br>Plaintiff(s)<br><br>vs.<br><br>BOROUGH OF OAKLYN, OAKLYN POLICE DEPARTMENT, LT. CRAIG STAUTS, CHIEF MARQUIS MOORE<br><br>Defendant(s) | CIVIL ACTION NO.<br>1:19-cv-16694-JHR/JS<br><br>**AMENDED ANSWER OF DEFENDANTS, BOROUGH OF OAKLYN, OAKLYN POLICE DEPARTMENT, LT. CRAIG STAUTS AND CHIEF MARQUIS MOORE** |

Defendants, Borough of Oaklyn, Oaklyn Police Department, Lt. Craig Stauts, and Chief Marquis Moore (hereinafter the "Answering defendants"), by way of Answer to the Complaint filed herein, state:

**I.   PRELIMINARY STATEMENT**

1. This paragraph is an attempted statement of law and not of fact, and, as such, need not be answered.

**II.   PARTIES**

2 – 4. Admitted.

5. It is admitted that answering defendant Chief Marquis Moore was employed by the Borough of Oaklyn at all relevant times; the remaining allegations of this paragraph are denied.

6. Admitted.

7. It is admitted that answering defendant Lt. Craig Stauts was employed by the Borough of Oaklyn at all relevant times; the remaining allegations of this paragraph are denied.

8 – 9. Denied.

### III. JURISDICTION AND VENUE

10-12. These paragraphs are attempted statements of law and not of fact, and, as such, need not be answered.

13. Denied.

14. Admitted.

### IV. FACTUAL BACKGROUND

15. It is admitted that a number of plaintiff's family members have been employed by the Borough; Answering defendants do not have sufficient knowledge or information from which to form a belief as to the remaining allegations of this paragraph.

16. It is admitted that plaintiff served as stated; Answering defendants do not have sufficient knowledge or information from which to form a belief as to whether he "served honorably".

17-19. Admitted.

20. It is admitted that plaintiff has been employed in these capacities. It is denied that he was "rewarded" with the positions.

21. Answering defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

22. It is admitted that plaintiff so served or was engaged; Answering defendants do not have sufficient knowledge or information as to whether he "initiated" or "established" these

Case 1:19-cv-16694-JHR-JS   Document 24-1   Filed 05/14/20   Page 6 of 12 PageID: 91

events.

23. Admitted.

24. These Answering defendants do not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph.

25. Admitted.

**Protected Whistleblowing Activities**

### 2016 Complaint against Chief Moore

26. Denied.

27. It is admitted that plaintiff's father made a complaint; the content of said complaint is denied.

28-30. Denied.

31-33. Admitted.

34-37. Denied.

38. It is admitted that plaintiff complained of the alleged scheme; the complaints are denied.

39. It is admitted that plaintiff complained of the alleged scheme; the complaints are denied.

40. Denied.

**Defendants Retaliate Against Plaintiff for Protected Whistleblowing Activities**

41-43. Denied.

**Defendants Denies Plaintiff Desirable Promotions, Duties and Community Activities.**

44-47. Denied.

48-49. Admitted.

50-52. Denied.

53. The allegations of this paragraph are admitted; however, any implication of wrongdoing is denied.

54-55. Denied.

56. The allegations of this paragraph are admitted; however, any implication of wrongdoing is denied.

**Defendants Concoct Investigations and Administrative Discipline to Harm Plaintiff**

57-60. Denied.

61. It is admitted that an Internal Affairs investigation was ordered; it is denied that it was due to the action of the other range instructor.

62-68. Denied.

**Defendants Malign Plaintiff's Reputation in the Department and Community**

69-87. Denied.

**COUNT I – 42 U.S.C. §1983**
**BRET MUELLER V. ALL DEFENDANTS**

88. Answering defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

89-92. Denied.

**COUNT II**
**VIOLATION OF NEW JERSEY'S CONSCIENTIOUS**
**EMPLOYEE PROTECTION ACT (N.J.S.A. 34:19-1, ET SEQ.)**
**BRET MUELLER V. ALL DEFENDANTS**

93. Answering defendants repeat their answers to the paragraphs referenced by this paragraph as if set forth at length.

94-96. This paragraph is an attempted statement of law and not of fact, and, as such, need not be answered. To the extent that any response is required, denied.

97-99. Denied.

## **SEPARATE DEFENSES**

1. These Answering defendants have not violated any rights of plaintiff.

2. These Answering defendants breached no duty owing to plaintiff.

3. These Answering defendants acted in good faith at all relevant times.

4. These Answering defendants acted properly and reasonably at all relevant times.

5. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

6. Plaintiff's Complaint fails to plead a cause of action under 42 U.S.C ¶ 1983, since there was no deprivation of a federal right, nor has plaintiff shown that the acts or omissions were "under color of state law."

7. Plaintiff has failed to demonstrate the existence of a "custom" or "policy" either approved or acquiesced in by these Answering defendants, thereby barring plaintiff's claim under 42 U.S.C. ¶ 1983.

8. Assuming arguendo that the acts or omissions alleged constitute negligence, negligence is not a cause of action under 42 U.S.C. ¶ 1983.

9. Plaintiff's CEPA claims are barred by the applicable statute of limitations.

10. Plaintiff has failed to prove the existence of actual damages and his claim is barred, since there is no compensation under 42 U.S.C. ¶ 1983 merely for an "abstract" constitutional right.

11. At all times mentioned in plaintiff's Complaint, any and all actions or omissions of these Answering defendants relating in any way to plaintiff's alleged damages involved decisions within an area of non-actionable government discretion. By virtue of same, these Answering defendants are not liable to any party herein.

12. The acts or omissions alleged in plaintiff's Complaint are cloaked by judicial, legislative and/or witness immunity.

13. The acts or omissions alleged in plaintiff's Complaint are cloaked by the doctrine of absolute immunity and/or qualified and/or good faith immunity.

5

14. Plaintiff's claims are barred by the doctrine of laches.

15. Plaintiff's claims set forth in his Complaint are barred by the applicable statute of limitations.

16. Plaintiff's Complaint is barred by the doctrine of waiver.

17. Plaintiff's Complaint is barred by the doctrine of collateral estoppel.

18. Plaintiff's Complaint is barred by the doctrine of res judicata.

19. Plaintiff's Complaint is barred by the entire controversy doctrine.

20. Plaintiff's Complaint is barred as against public policy in this state.

21. Plaintiff's Complaint is barred under the doctrine of unclean hands.

22. The prior state and/or federal proceeding bars plaintiff's complaint.

23. Plaintiff's Complaint is barred by plaintiff's failure to exhaust administrative remedies.

24. Plaintiff's Complaint is barred by plaintiff's failure to appeal the disciplinary decision.

25. These Answering defendants are not obligated to plaintiff in any amount or sum, whatsoever.

26. Plaintiff has not suffered any damages.

27. Plaintiff has failed to mitigate damages.

28. These Answering defendants had good cause to issue plaintiff's discipline.

29. These Answering defendants complied with all due process requirements before issuing any discipline.

30. Plaintiff's claim for punitive damages against the defendant public entity is barred under City of Newport v. Fact Concerts, 453 U.S. 247 (1981).

31. The actions taken by these Answering defendants were, at all times, reasonable and undertaken in good faith.

32. In applying the "objectively reasonable" test or the "clearly established law" test, qualified immunity applies to the individual defendants.

33. Plaintiff has failed to prove malicious intent on the part of the individual defendants sufficient to defeat a claim of qualified immunity.

34. Plaintiff's claims are barred by virtue of his failure to exhaust administrative and internal remedies.

35. Plaintiff has not suffered the denial of any privilege under any state statute.

36. Plaintiff's claims are barred by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., or in the alternative, are subject to all limitations and defenses established therein.

37. Plaintiff's rights, privileges and immunities secured under the Constitution or laws of the United States or of the State of New Jersey have not been violated by these Answering defendants.

38. At all times, the individual defendants were employed by the public entity defendant and acted in their official capacity. Their actions and/or inactions, if any, were conducted in good faith, with no malice and in the reasonable belief that the actions and/or inactions were authorized by and in accordance with existing law and authority.

39. Answering defendants are immune from suit under the immunity provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

40. Plaintiff has failed to comply with the conditions precedent for filing suit against a municipal entity or its employees and therefore is barred from recovery.

41. Answering defendants are immune from suit because they acted within their discretion as authorized by N.J.S.A. 59:1-1, et seq., and applicable federal law.

42. Answering defendants assert that plaintiff's alleged losses and injuries are the result of an act by an independent, intervening agency or instrumentality over which the Answering defendants had no power or control.

43. Plaintiff's allegations fail to rise to a level of a constitutional deprivation.

44. Plaintiff's claims for punitive damage is governed by limitations set forth in the New Jersey Punitive Damages Act, N.J.S.A. 15:5-9, et seq.

45. Plaintiff cannot establish a prima facie case of retaliation or discrimination.

46. Plaintiff has no right, claim or entitlement to backpay, front pay, compensatory and/or punitive damages.

47. Plaintiff cannot establish a prima facie case of retaliation under the New Jersey Conscientious Employee Protection Act.

48. The adverse employment actions, if any, taken against plaintiff were legitimate and non-

discriminatory.

49. Answering defendants reserve the right to move to sever plaintiff's claims at a later date.

50. Plaintiff failed to effectuate proper service on these Answering defendants.

51. Plaintiff cannot maintain his claims of retaliation or discrimination in light of Answering defendants' well established and effective anti-retaliation and anti-discrimination policies.

52. Plaintiff did not have a reasonable belief that Answering defendants conduct was in violation of any law, rule, regulation or public policy under CEPA.

53. This action is barred as to these Answering Defendants by reason of the failure of the parties asserting a claim against these defendants to present a valid notice of claim pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

54. Plaintiff's CEPA claims fail because he cannot establish, among other things, any connection or causal link between his alleged protected activity and/or any adverse employment action.

55. Plaintiff's claims are barred, in whole or in part, for failure to give proper notice to these Answering defendants of the alleged discriminatory or retaliatory conduct.

56. Plaintiff's Complaint is barred by the doctrine of accord and satisfaction.

57. Plaintiff's claims are barred because plaintiff unreasonably failed to avail himself of remedies available under plaintiff's employer's and/or union's policies and procedures.

58. Plaintiff's claims are barred by plaintiff's own breach of plaintiff's employment agreement and/or applicable collective bargaining agreement.

59. These Answering defendants reserve the right to assert any and all additional defenses to plaintiff's Complaint as discovery may reveal.

### RESERVATION OF RIGHTS

Answering defendants reserve the right to assert any and all additional defenses to Plaintiff's Complaint as discovery may reveal.

### JURY DEMAND

These answering defendants demand a trial by jury.

### CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I, MICHAEL V. MADDEN, ESQUIRE, counsel for defendants do hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that the undersigned, Michael V. Madden, Esquire, is hereby designated as trial counsel.

            MADDEN & MADDEN, P.A.
            Attorneys for Defendants


       By: _____
            Michael V. Madden, Esquire

Dated: May 4, 2020